### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDALL KOTNIK<br>4619 Harriet Lane<br>Bethlehem, PA 18017<br><br>vs.<br><br>NORTHAMPTON COUNTY DEPARTMENT<br>OF CORRECTIONS<br>666 Walnut Street<br>Easton, PA 18042<br>and<br><br>LUIS "GOLDY" CRUZ<br>c/o Northampton County Department of Corrections<br>666 Walnut Street<br>Easton, PA 18042 | NO.<br><br>JURY TRIAL DEMANDED |

### COMPLAINT

Plaintiff, Randall Kotnik, by way of Complaint against Defendants Northampton County Department of Corrections and Luis "Goldy" Cruz states:

### PARTIES

1. Plaintiff, Randall Kotnik ("Plaintiff"), is an individual and citizen of the Commonwealth of Pennsylvania residing at 4619 Harriet Lane, Bethlehem, PA 18017. Plaintiff was employed full time by Northampton County Department of Corrections as a correction officer from September 2017 until Notice of his termination on July 14, 2018.

2. Defendant, Northampton County Department of Corrections (hereinafter "the Department"), is a correctional center located at 666 Walnut Street, Easton, PA 18042.

3. Defendant, Luis "Goldy" Cruz ("Cruz"), is an individual with an address of c/o Northampton County Department of Corrections, 666 Walnut Street, Easton, PA 18042, who served as an employee/supervisor with the Department at all relevant times.

## JURISDICTION AND VENUE

4. Jurisdiction is proper as plaintiff's claims arise, inter alia, from 5 U.S.C. 2302, et seq. and 42 U.S.C. 1983.

5. Venue is proper in the United States District Court for the Eastern District of Pennsylvania because the events giving rise to the present cause of action substantially occurred within Northampton County, Pennsylvania, the area served by this Court.

## FACTUAL BACKGROUND

6. Beginning on September 23, 2017, and continuing until on or about July 13, 2018, Plaintiff Kotnick was employed as a correctional officer for the defendant, Department.

7. In his role as correctional officer, the Plaintiff worked under the supervision of Lt. Luis "Goldy" Cruz (hereinafter "Cruz").

8. During that time, Plaintiff Kotnik did not receive any discipline for his performance or behavior. He was otherwise a model employee.

9. As a supervisor, Defendant Cruz was commonly known to take advantage of his subordinates and undertake illegal acts by, among other things:

    a. Sabotaging officers by forcing them into multiple shifts, either back to back or every night, in order to catch them sleeping;

    b. Tampering with mandate lists by removing officers he liked and frequently adding officers he did not like;

    c. Having sexual relations with female employees, during work hours;

    d. Sneaking inmates food;

    e. Undermining correction officer's authority;

  f. placing correction officers who he did not like or those unvailing to "go along" with his improper actions in dangerous situations with inmates, and

  g. Retaliating by putting officers on long shifts in "the hole" where their safety was in jeopardy especially when sleep deprived.

10. Although multiple officers filed complaints about Cruz's behavior, the Department failed to act upon these complaints and did not impose any disciplinary action against Cruz. This created an atmosphere of mistrust and fear among the many corrections officers and placed these officers at risk.

11. On May 19, 2018, the Plaintiff's girlfriend, who was pregnant with the plaintiff's child, called the Plaintiff's Department office to inform him she was going into the hospital with contractions.

12. Crus took the call and responded by asking Plaintiff's girlfriend if she was really in labor, accusing her of faking contractions.

13. Cruz failed to inform the Plaintiff about his pregnant girlfriend's contractions for over seven hours.

14. When he finally informed the Plaintiff, seven hours after the event, Cruz claimed that he just forgot to tell Plaintiff about the call.

15. The Plaintiff's daughter was born on May 27, 2018 and the plaintiff returned from a 7 day approved leave on or around June 5, 2018.

16. On June 5, 2018, Plaintiff Kotnick filed a complaint about Cruz's typical behavior and the specific incident regarding his girlfriend through Union President Antinasio. The Complaint detailed numerous examples of Cruz's inappropriate, dangerous and illegal activities and how they were affecting the physical and emotional

well-being of Plaintiff and other department staff.

17. Two weeks after filing the complaint, the Plaintiff was notified he was "under investigation" for discrepancies in his initial job application, which he completed in 2017.

18. Six years prior from starting with the Department, the plaintiff worked as a private contractor, never an employee, as an adult film actor, and played the character "Blake Savage" for approximately one year. This role ended in approximately 2012. The work involved occasional weekend engagements.

19. Cruz sent a link of an adult film that the Plaintiff was cast in to the inmates in order to embarrass Plaintiff and undermine his authority, making the Plaintiff's job much more difficult and dangerous.

20. Subsequently, a Department investigator name Charles Hovarth, interrogated the plaintiff about parts of his initial job application what were not relevant to his work and now about 18 months old, which included:

    a. Accusing the Plaintiff of trying to hid his previous "career" by not listing "Blake Savage" as an alias, although the character was created and used only by the production company with whom Plaintiff had only a contractual agreement, in 2011-2012;

    b. Questioning the plaintiff for not listing "his siblings," even though he does not have siblings; and

    c. Stating that he did not notify the Department about prior traffic violations, although the department knew about the violations at the time of hiring the Plaintiff.

21. On July 13, 2018, a month after lawfully filing the job complaint with the correction department authorities, the Director of the Department terminated the employment of Plaintiff for the alleged "discrepancies" on his application that he submitted back in 2017.

22. The basis for Plaintiff's termination by the Department was pre-textual at best, not the true or appropriate basis or legal rationale for his firing, and was done solely in retaliation for the legal and appropriate allegations made by Plaintiff against Cruz.

23. The wrongful termination, being referred to by the Department as a "for cause" termination, had the negative effect of impacting Plaintiff's ability to find alternative employment in the corrections field and other relating law enforcement positions.

24. Additionally, the "for cause," but wrongful termination, impacted other areas of plaintiff's life including, but not limited to, an ongoing custody battle involving his child as well as his financial and emotional well being.

## COUNT I

### Wrongful Termination under 5 U.S.C. 2302(b)(8)-(9)

25. Plaintiff incorporates by reference the allegations contained in Paragraph 1 through 24 as if fully set forth at length herein.

26. Defendant Department's adverse employment action taken against Plaintiff was in retaliation against Plaintiff's complaint, regarding the improper and illegal actions of Cruz, which is protected under the Whistleblower Protection Act.

27. Defendant Department's adverse employment actions taken against Plaintiff was without any legitimate or lawful purpose on basis.

2352584.1/55360

28. The adverse employment action taken by Defendants against Plaintiff violated the clear mandates of the public policy of the Commonwealth of Pennsylvania, the U.S. Code specifically §U.S.C. 2302(b)(8)-(9), and constituted unlawful common law retaliation.

29. The retaliatory conduct was performed by, approved by and sanctioned by supervisors and/or members of upper management, of the Department, and/or with their actual knowledge and willful indifference.

30. The retaliatory conduct was particularly egregious and Defendants acted with actual malice and/or in wanton and willful disregard of Plaintiff's rights and well-being.

31. As a direct and proximate result of Defendants' unlawful conduct. Plaintiff has suffered and continues to suffer economic losses, including a loss of employment and income and loss of employment benefits, harm to career, harm to reputation, pain and suffering, severe emotional and psychological distress and harm, embarrassment, and other compensatory damages.

WHEREFORE, Plaintiff demands judgment against Defendants and seeks relief as follows:

    a. Back pay;

    b. Front pay;

    c. Emotional Distress Damages;

    d. Punitive Damages; and

    e. Such other relief as this Honorable Court deems necessary and just.

## COUNT II

### Hostile Work Environment

32. Plaintiff incorporates by reference the allegations contained in Paragraph 1 through 31 as if fully set forth at length herein.

33. Both Defendants created a hostile work environment for the Plaintiff by neglecting to act upon the filed complaints against Cruz and continuing to place Plaintiff and other officers in dangerous, demeaning and/or embarrassing situations at the correction facility.

34. Cruz's actions were subjectively and objectively hostile in nature due to the magnitude of complaints filed as well as the timing of the Plaintiff's termination.

35. The retaliatory conduct was particularly egregious and Defendants acted with actual malice of Plaintiff's rights and well-being.

36. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer economic losses, including a loss of employment and income and loss of employment benefits, harm to career, harm to reputation, pain and suffering, severe emotional and psychological distress and harm, embarrassment, compensatory and other damages.

WHEREFORE, Plaintiff demands judgment against Defendants and seeks relief as follows:

    a. Back pay;

    b. Front pay;

    c. Emotional Distress Damages;

    d.    Punitive Damages; and

    e.    Such other relief as this Honorable Court deems necessary and just.

## COUNT III

### Violation of Constitutional Right under 42 U.S.C. §1983

37. Plaintiff incorporates by reference the allegations contained in Paragraph 1 through 36 as if fully set forth at length herein.

38. Defendant Cruz was a representative of the Commonwealth of Pennsylvania when emotionally abusing the Plaintiff and depriving him of his rights created by the laws of United States and the Commonwealth of Pennsylvania.

39. Defendant Cruz was personally involved with, caused, and intended to cause the Plaintiff's loss of constitutional rights as well as emotional distress, while acting individually and on behalf of the Department.

40. Defendant Department violated the Plaintiff's constitutional rights by allowing multiple employees to emotionally abuse and neglect the Plaintiff's right guaranteed to him in the Constitution, by, among other things, intentionally placing Plaintiff into dangerous situations, intentionally and maliciously impacting his emotional well being and physical safety, by intentionally depriving him of his right to be employed and maintain financial well being and interfering with his personal and family relationships.

41. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer economic losses, including a loss of employment and income and loss of employment benefits, harm to career, harm to reputation, pain and suffering, severe emotional and psychological distress and harm, embarrassment, and compensatory and other

damages.

WHEREFORE, Plaintiff demands judgment against Defendants and seeks relief as follows:

    a. Back pay;

    b. Front pay;

    c. Emotional Distress Damages;

    d. Punitive Damages; and

    e. Such other relief as this Honorable Court deems necessary and just.

## COUNT IV

### Intentional Infliction of Emotional Distress

42. Plaintiff incorporates by reference the allegations contained in Paragraph 1 through 41 as if fully set forth at length herein.

43. Defendants, through the course of conduct set forth above, intentionally or recklessly committed acts or omissions producing emotion distress for Plaintiff.

44. Defendants' conduct was extreme, outrageous, dangerous and beyond the bounds of decency.

45. Cruz was the employee and Department Supervisor while the acts and omissions giving rise to Plaintiff's emotional distress were committed, condoned and approved.

46. Defendants' conduct was intentional, malicious, oppressive, and done with conscious disregard of Plaintiff's rights, physical and emotional well being.

47. As a direct, foreseeable and proximate result of Defendants' acts, Plaintiff has suffered and will continue to suffer substantial losses in earnings, job experience and other

benefits that he would have received absent Defendants' unlawful conduct.

48. As a direct, foreseeable and proximate result of the above-mentioned acts, Plaintiff has suffered and will continue to suffer humiliation, mental pain and anguish, embarrassment, emotional distress, and further pain and suffering.

WHEREFORE, Plaintiff demands judgment against Defendants and seeks relief as follows:

    a. Back pay;

    b. Front pay;

    c. Emotional Distress Damages;

    d. Punitive Damages; and

    e. Such other relief as this Honorable Court deems necessary and just.

CURTIN & HEEFNER LLP

Date: July 9, 2020

By: _____
Robert D. Sokolove, Esquire
Attorney I.D. #26859
1040 Stony Hill Road, Suite 150
Yardley, PA 19067
(215) 736-2521

2352584.1/55360